SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X

KAMILLA SHULANOVA,

                Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS individually and as Chancellor
of the Department of Education of the City of
New York, MICHAEL PRAYOR individually
and as Superintendent of the Department of
Education of the City of New York, DARA
KAMMERMAN, individually and as Principal
of the Department of Education of the City of
New York,

                Defendants.
-----------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates Kings
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's place of business

Plaintiff resides: 2270 Plumb 1St Street Apt C2
Brooklyn, New York 11229

To the above-named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 31, 2025

                                           Yours, etc.,

                                           STEWART LEE KARLIN
                                           LAW GROUP, PC

                                           *s/Stewart Lee Karlin*

**DEFENDANTS' ADDRESS:**               STEWART LEE KARLIN, ESQ.
NYC DOE -100 Church St, NY, NY 10007    Attorney for Plaintiff
Kammerman-3000 Ave X, BKLYN, NY 11235  111 John Street, 22nd Floor
Prayor-1830 Shore Blvd, BKLYN NY 11235   New York, New York, 10038
Ramos-100 Church St, NY, NY 10007        (212) 792-9670

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
KAMILLA SHULANOVA,

           Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS individually and as Chancellor
of the Department of Education of the City of
New York, MICHAEL PRAYOR individually
and as Superintendent of the Department of
Education of the City of New York, DARA
KAMMERMAN, individually and as Principal
of the Department of Education of the City of
New York,

           Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Index No.

Plaintiff, KAMILLA SHULANOVA, by and through her attorneys, Stewart Lee Karlin Law Group, PC, respectfully alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This is an action pursuant to the New York State Human Rights Law§ 291 et. Seq. and Administrative Code of the City of New York § 8-102 (NYCHRL), where Plaintiff alleges that Defendants discriminated against her due to her religion and national origin (Uzbek and Muslim), and retaliated against by Defendants as set forth below. In addition, Plaintiff seeks redress for deprivations of constitutionally protected speech and interests under the color of state law. At all times material hereto, the Defendant, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below. This action seeks compensatory damages, including emotional distress, damages to

2

Plaintiff's reputation, other damages, and reasonable attorney fees.

## JURISDICTION AND VENUE

2. Plaintiff is seeking to vindicate her civil rights under the New York City Human Rights Law (NYCHRL) pursuant to the Administrative Code of the City of New York § 8-107 and the New York State Human Rights Law NYS Executive Law § 291 et seq. In addition, the Court has concurrent jurisdiction based upon 28 U.S.C. 1331 and 1343 in that this is an action authorized by 42 U.S.C. 1983 and the Constitution of the United States of America to redress deprivations of constitutionally protected speech and interests under the color of state law. At all times material hereto, the District is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below.

3. Defendant's principal offices are located in the County of New York and Kings, and the cause of action arose in Kings County. Plaintiff duly served a notice of claim and more than 30 days have elasped without the claim being adjusted.

## PARTIES

4. Plaintiff, KAMILLA SHULANOVA (hereinafter referred to as "Plaintiff" or "Ms. Shulanova"), is a resident of the State of New York, the County of Kings. At all relevant times herein, Plaintiff was an "employee" of Defendant Department of Education of the City of New York and the Board of Education of the City School District of the City of New York. (hereinafter DOE) as defined by all applicable statutes.

5. Defendant DOE is a school district under the laws of the State of New York, which is in charge of all public schools in the City of New York. At all relevant times herein, the DOE was Plaintiff's "employer" as that term is defined by all relevant statutes and was acting under the color of state law.

6. Melissa Aviles-Ramos was acting individually and as Chancellor of the Department of

Education of the City of New York and had final approval regarding Plaintiff's termination and was acting under the color of State Law.

7. Michael Prayor was acting individually and on behalf of the DOE as superintendent at all times relevant in the complaint and terminated Plaintiff and was acting under the color of State Law.

8. Dara Kammerman was acting individually and as principal on behalf of the DOE and recommended Plaintiff's termination and was acting under the color of State Law.

## STATEMENT OF FACTUAL ALLEGATIONS

9. All relevant events, unless otherwise stated, occurred at Origins High School located at 3000 Avenue X, Brooklyn, NY 11235

10. Plaintiff is a Uzbek, Muslim, and started teaching Physical Education at Origins High School in September 2022. In 2022/2023, and through much of 2023-2024, her observations were Highly Effective/Effective.

11. However, after March 4, 2024, Plaintiff's observations were lower after the Plaintiff reported a colleague for calling her a terrorist, as set forth below.

12. In 2022, three months after school started, around November, Zachary Ohara (coworker) began harassing Plaintiff by yelling at her and screaming at her in front of her students and her other PE coworker, Gabriella Martucci. She had reported him multiple times to Dara Kammerman, and she kept redirecting Plaintiff to AP Rhonda Hendrickson. Ohara was also cursing, calling Plaintiff a "fucking Rat," which would interrupt her lessons by harassing her students to give him equipment.

13. On or about December 6, 2022, Plaintiff reached a point where mediation was necessary with Zachary Ohara, Gabriella Martucci, Vassilios Kokkinelis (UFT Rep), and Charles

4

Dibenedetto (district UFT). Vassilios Kokkinelis (UFT Rep) and Charles Dibenedetto (district UFT) have been more focused on Zachary Ohara and Martucci.

14. When it was the Plaintiff's turn to talk, Vassilios Kokkinelis (UFT Rep) and Charles Dibenedetto (District UFT) told her that she had only six minutes, and they had to leave. Charles Dibenedetto (District UFT), after 6 minutes, told Plaintiff that he would get back to her, but never did. Thus, the problem with Zachary Ohara harassing Plaintiff never stopped. Dara Kammerman never followed up.

15. In 2023, Harassment from Zachary Ohara has not stopped, and on February 16, 2024, Zachary Ohara called Plaintiff a terrorist. Shortly thereafter, Plaintiff filed a complaint against Ohara due to the slur.

16. On March 4, 2024, the Plaintiff spoke to CBS News. The report appeared on New York City CBS News TV and the CBS website. Plaintiff stated the following:

> There is an update on a story CBS New York brought you on Sunday night about alleged antisemitism and a hostile environment at a Brooklyn high school.
>
> On Monday, another teacher shared her story about alleged Islamophobia at the school and the principal responded to claims that she's not doing enough, speaking exclusively with reporter Lisa Rozner.
>
> One day after Origins High School history teacher Danielle Kaminsky shared that she been called a "dirty Jew," swastikas have been drawn on her desk, and students have targeted her, another teacher spoke out about her experiences.
>
> "I'm Muslim and by him I've been called many names," gym teacher Kamilla Shulanova said. "Recently, he actually called me a terrorist."
>
> Like Kaminsky, Shulanova said she has been filing reports with the Interim Principal Dara Kammerman and the teachers union, but no action has been taken.
>
> She said she has witnessed alleged antisemitism at the school as well, including a disciplinary meeting she helped translate between the principal

5

and a student.

"I had one student draw a swastika on a notebook," Shulanova said. "Like, okay, you do know this is not right? He's like, 'Yeah, I know.' She's like, 'Okay, that's it. I'm glad you realize that,' but the next thing you know, he's going to the classes, comes back the next day, nothing has been done."

The United Federation of Teachers said it cannot comment on specific educator's cases, but it is focused on maintaining the safety of students and staff in every school.

Principal Kammerman said she was never made aware of any discrimination against Shulanova, and she refuted allegations from Kaminsky -- and the school's campus safety manager -- that a lack of disciplinary action has fostered an unsafe environment."

17. As a result of complaining about discrimination and her First Amendment activity on May 10, 2024, and June 7, 2024, she received observations that were lower than before March 4, 2024.

18. On May 29, 2024, at 3:30 pm, Dara Kammerman and AP Rhonda Hendrickson called Plaintiff in Dara's office, and Dara told Plaintiff she had strong feelings about her not fitting in at Origins High School and strongly recommended Plaintiff leave and find a job elsewhere. When the Plaintiff asked her why she did not fit in and how she could make it better, she said, "There is nothing you could do, and it's time for you to start fresh in a different school." When the Plaintiff asked her why she was being let go, despite Mr. Ohara calling her a terrorist, she replied, "If you don't like it here, you definitely should leave the school."

19. Plaintiff has been subjected to an ongoing, continuous, intentional pattern of discrimination that has created a hostile work environment and disparate treatment due to her national origin (Uzbek), gender (female), religion (Muslim), and retaliation for complaining about discrimination and due to her First Amendment activity.

20. Thereafter, Plaintiff was investigated for pretextual reasons and was advised on August 16, 2024, that she would be discontinued.

6

21. Thereafter, on or about September 16, 2024, Plaintiff was discontinued for pretextual reasons.

22. Plaintiff has also been subjected to a hostile work environment and disparate treatment due to her national origin, religion, and retaliation.

23. The above conduct is intentional, willful, deliberate, and continuous conduct that is a pattern of her national origin, gender, and religious discrimination and retaliation. In addition, Plaintiff was subjected to retaliation for exercising her First Amendment rights to appear on CBS News.

24. As a result of the foregoing, the DOE violated Executive Law § 296 and New York City Administrative Code § 8-107 by discriminating against Plaintiff due to her national origin, gender, and religious discrimination and retaliation.

25. In addition, Plaintiff was subjected to retaliation for exercising her First Amendment rights to appear on CBS News.

### AS AND FOR A FIRST CAUSE OF ACTION-DOE ONLY
### NYSHRL-NATIONAL ORIGIN AND RELIGION

26. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

27. Defendant engaged in unlawful discrimination against Plaintiff on the basis of her national origin and religion in violation of NYS HRL, NY Exec. L. §§290 et seq., and more particularly, NY Exec L. §296, in connection with the terms, conditions, and privileges of her employment, including but not limited to a hostile work environment, and disparate treatment.

28. By reason of the foregoing discriminatory conduct by Defendants, Plaintiff has been damaged.

7

### AS AND FOR A SECOND CAUSE OF ACTION-NYSHRL
### RETALIATION-DOE ONLY

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

30. Defendants and their agents engaged in retaliation, in violation of NYSHRL, NYS Exec. L. §§290 et seq., and more particularly, NY Exec L. §296.

31. By reason of the foregoing retaliatory conduct, plaintiff has been damaged.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYCHRL-NATIONAL ORIGIN AND RELIGION-DOE ONLY

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

33. Defendants engaged in unlawful discrimination against Plaintiff on the basis of her national origin and religion in violation of the NYC HRL, NYC Admin Code §§8-101 et seq., and more particularly NYC Admin Code §8-107(1), in connection with the terms, conditions, and privileges of her employment, including but not limited to a hostile work environment, and disparate treatment.

34. By reason of the foregoing discriminatory conduct by Defendants, Plaintiff has been damaged.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYCHRL-RETALIATION-DOE ONLY

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

36. Defendants and their agents engaged in retaliation in violation of the NYCHRL, NYC Admin Code §§8-101 et seq., and more particularly NYC Admin Code §8-107(q), by, inter alia, subjecting Plaintiff to retaliation.

37. By reason of the foregoing retaliatory conduct by Defendants, Plaintiff has been damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ALL DEFENDANTS-FIRST AMENDMENT

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. Plaintiff was terminated for speaking out to the press about discriminatory conditions at her school as set forth above.

40. Plaintiff's advocacy was separate and apart from any of her job responsibilities she had as a teacher, but as a citizen opining to the press regarding matters that are of public concern and interest. In fact, Plaintiff's job responsibilities did not include talking to the press.

41. As a direct result of plaintiff speaking to the press, plaintiff was retaliated against as set forth above.

25. Based upon the foregoing, plaintiff was terminated by defendants in violation of the First Amendment.

26. There were no legitimate reasons for the above conduct.

28. As a result of the defendants' actions and inactions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983, and the Fourteenth Amendment due process rights, applying the First Amendment rights of the U.S. Constitution.

29. As a result of the defendants' actions, the plaintiff suffered and was damaged.

30. Defendants have deprived the plaintiff of such rights under the color of State Law.

9

## JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

a. A declaration from the Court that Defendant violated the NYSHRL and NYCHRL,

b. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of her rights, privileges, and immunities as secured by the Constitution and laws of the United States, pursuant to the First and Fourteenth Amendments for exercising his First Amendment Rights

c. Granting compensatory damages, including back pay;

d. Granting compensatory damages for injuries and accompanying pain and suffering;

e. Damages to reputation;

f. Attorney fees and costs;

g. Any other relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York  
       July 31, 2025

Respectfully submitted,

STEWART LEE KARLIN  
LAW GROUP, PC

_____  
Stewart Lee Karlin, Esq.  
*Attorneys for Plaintiff*  
111 John Street, 22nd Floor  
New York, N.Y. 10038  
(212) 792-9670

## **VERIFICATION**

STATE OF NEW YORK   )

COUNTY OF NEW YORK)   ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matters not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
       July 31, 2025

                              STEWART LEE KARLIN
                              LAW GROUP, PC

                              _____
                              Stewart Lee Karlin, Esq.
                              *Attorneys for Plaintiff*

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A, the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper(s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
July 31, 2025

STEWART LEE KARLIN
LAW GROUP, PC

*s/Stewart Lee Karlin*
Stewart Lee Karlin, Esq.
*Attorneys for Plaintiff*
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670
slk@stewartkarlin.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
KAMILLA SHULANOVA,

                Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS individually and as Chancellor
of the Department of Education of the City of
New York, MICHAEL PRAYOR individually
And as Superintendent of the Department of
Education of the City of New York, DARA
KAMMERMAN, individually and as Principal
Of the Department of Education of the City of
New York,

              Defendants.
-------------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

**Index No.:** 526091/2025

STATE OF NEW YORK, COUNTY OF KINGS

1.    I, the undersigned, affirm that I am not a party to the action, am over 18 years of age, and reside in New York, NY.

2.    On August 1, 2025, I served one electronic copy of a Notice of E-Filing, a Summons and a Complaint. Service was made via electronic mailing to the following person at the following address:

    The Department of Education of The City of New York
    C/O NYC Law Department
    100 Church Street
    New York, NY 10007

Sworn to me and subscribed
before me on August 4, 2025

_____
Notary Public

_____
Valerie Rodriguez

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KAC33825
COMM. EXP. 03/15/2026

 **Gmail**

Valerie Rodriguez <valerie@stewartkarlin.com>

## Proof of service receipt

**ServiceECF (Law)** <ServiceECF@law.nyc.gov>
To: Valerie Rodriguez <valerie@stewartkarlin.com>

Fri, Aug 1, 2025 at 3:38 PM

This email confirms receipt of email and constitutes proof of service at the Office of the Corporation Counsel for the City of New York.  Please retain it for your records.  Please note that the Office of the Corporation Counsel has accepted service only for the City of New York and entities for which the Law Department is authorized to accept service, including the Mayor and City Agency Heads named in their official capacities.  Service of process on any individually named parties has not been accepted.

Documents must be submitted as attachments; linked documents will not be accessed and will not be considered as proper service on the New York City Law Department. All documents submitted after 5:00PM will be considered served on the next business day.

Please be reminded that the Law Department Service Window remains open to accept service of papers on Tuesdays and Thursdays from 9:00 am until 5:00 pm.

Service of process on individuals should continue to proceed in a manner required by applicable law.

**This mailbox is only monitored for service. Please call (212) 356-1140** with any questions or concerns.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
KAMILLA SHULANOVA,

        Plaintiff,                            **AFFIDAVIT OF SERVICE**

  -against-                                  Index No.: 526091/2025

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS individually and as Chancellor
of the Department of Education of the City of
New York, MICHAEL PRAYOR individually
And as Superintendent of the Department of
Education of the City of New York, DARA
KAMMERMAN, individually and as Principal
Of the Department of Education of the City of
New York,

        Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF KINGS

1.    I, the undersigned, affirm that I am not a party to the action, am over 18 years of age, and reside in New York, NY.

2.    On August 1, 2025, I served one electronic copy of a Notice of E-Filing, a Summons and a Complaint. Service was made via electronic mailing to the following person at the following address:

    Melissa Aviles-Ramos, Individually Chancellor of the Department of Education
    C/O NYC Law Department
    100 Church Street
    New York, NY 10007

Sworn to me and subscribed
before me on August 4, 2025

_____                             _____
Notary Public                                                  Valerie Rodriguez

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KA6233825
COMM. EXP. 03/15/2026

 Gmail

Valerie Rodriguez <valerie@stewartkarlin.com>

## Proof of service receipt

**ServiceECF (Law)** <ServiceECF@law.nyc.gov>
To: Valerie Rodriguez <valerie@stewartkarlin.com>

Fri, Aug 1, 2025 at 3:39 PM

This email confirms receipt of email and constitutes proof of service at the Office of the Corporation Counsel for the City of New York. Please retain it for your records. Please note that the Office of the Corporation Counsel has accepted service only for the City of New York and entities for which the Law Department is authorized to accept service, including the Mayor and City Agency Heads named in their official capacities. Service of process on any individually named parties has not been accepted.

Documents must be submitted as attachments; linked documents will not be accessed and will not be considered as proper service on the New York City Law Department. All documents submitted after 5:00PM will be considered served on the next business day.

Please be reminded that the Law Department Service Window remains open to accept service of papers on Tuesdays and Thursdays from 9:00 am until 5:00 pm.

Service of process on individuals should continue to proceed in a manner required by applicable law.

**This mailbox is only monitored for service. Please call (212) 356-1140** with any questions or concerns.